■ Parviz Noghrey, Respondent-Appellant, v Town of Brookhaven et al., Appellants-Respondents. [801 NYS2d 620]—

In an action, inter alia, for a judgment declaring that the defendants effected an unconstitutional taking of the plaintiff's property, and to recover damages therefor, (1) the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 29, 2004, as denied those branches of their motion which were for summary judgment dismissing the plaintiff's first, second, third, fourth, sixth, seventh, eighth, ninth, tenth, and twelfth causes of action, and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as (a) granted those branches of the defendants' motion which were for summary judgment dismissing the fifth and eleventh causes of action, (b) denied those branches of his cross motion which were for partial summary judgment on the fourth, sixth, eleventh, and twelfth causes of action, and for de novo review of an order and a judgment of the United States Bankruptcy Court for the Eastern District of New York, both dated August 11, 1998, purportedly dismissing his fifth and eleventh causes of action, and (d) dismissed, sua sponte, the second amended complaint pursuant to CPLR 3215 (c).

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order which dismissed, sua sponte, the second amended complaint is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the first, second, seventh, and eighth causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

This long and protracted litigation involves the purchase of two separate non-contiguous parcels of land along Route 25 in Suffolk County by the plaintiff in 1985 with the intent to construct shopping centers on the sites. Soon after acquiring the parcels, which were zoned commercial at the time of purchase, the plaintiff submitted site plans to the Town of Brookhaven Planning Board (hereinafter the Planning Board).

Following a six-month moratorium on construction, the Town of Brookhaven (hereinafter the Town) in November 1988 enacted resolutions, effective February 1989, rezoning the parcels from commercial to residential, thus making the plaintiff's intended use no longer permissible.

In 1989 the plaintiff commenced an action in the Supreme Court, challenging the actions of the Town and the Planning Board as unconstitutional. The complaint, which alleged 13 causes of action, sought declaratory and injunctive relief, as well as damages. The first 12 causes of action either alleged a taking of property without just compensation by reason of the rezoning (regulatory taking), alleged the right to develop the properties under the prior zoning classification by reason of the defendants' dilatory and/or improper conduct ("special facts"), or alleged substantive due process violations under the state and federal constitutions. The thirteenth cause of action challenged the validity of the zoning resolutions passed by the Town. The plaintiff prevailed on the thirteenth cause of action early on in the litigation (*see Noghrey v Town of Brookhaven,* 214 AD2d 659 [1995]).

In 1994, after years of litigating the remaining causes of action in state court, the plaintiff filed for bankruptcy protection. He then removed his state court action to the United States Bankruptcy Court for the Eastern District of New York. On the plaintiff's motion for partial summary judgment, the Bankruptcy Court, sua sponte, dismissed the fifth and eleventh causes of action alleging due process violations under 42 USC § 1983 based on the defendants' dilatory conduct and non-approval of the plaintiff's site plans. The Bankruptcy Court specifically found that the fifth and eleventh causes of action were not cognizable because the plaintiff lacked a constitutionally-protected property interest in site plan approval. The plaintiff unsuccessfully sought de novo review by the United States District Court for the Eastern District of New York.

In 2001, on the plaintiff's motion, the bankruptcy proceeding was dismissed and the action was transferred back to state court. Following another unsuccessful attempt to overturn the Bankruptcy Court's ruling in this Court (*see Noghrey v Town of Brookhaven,* 305 AD2d 474 [2003]), the defendants moved for summary judgment on all of the plaintiff's remaining causes of action based on the Bankruptcy Court's findings and on other grounds as well. The plaintiff cross-moved for partial summary judgment on the fourth, sixth, eleventh, and twelfth causes of action, alleging an unconstitutional taking, and for a de novo review of the Bankruptcy Court's order and judgment. Mean-

while, the plaintiff lost ownership of the two parcels in foreclosure.

Addressing the issue of the Bankruptcy Court's order and judgment and their preclusive effect, we reject the defendants' contention that the Bankruptcy Court's finding that the plaintiff lacked a constitutionally-protected property interest in site-plan approval entitled them to summary judgment dismissing the plaintiff's remaining causes of action, particularly, those causes of action alleging a regulatory taking. While a claim alleging a substantive due process violation pursuant to 42 USC § 1983 requires a constitutionally-protected property interest in the benefit sought to be conferred (*see Zahra v Town of Southold,* 48 F3d 674, 680 [1995]; *Town of Orangetown v Magee,* 88 NY2d 41, 52 [1996]), a regulatory taking claim, legally distinct (*see Penn Cent. Transp. Co. v New York City,* 438 US 104 [1978]; *de St. Aubin v Flacke,* 68 NY2d 66 [1986]; *Briarcliff Assoc. v Town of Cortlandt,* 272 AD2d 488 [2000]), is predicated on the property interest which exists in what is owned (*see Zahra v Town of Southold, supra*) and, therefore, is not subject to a claim of entitlement test (*see Board of Regents of State Colls. v Roth,* 408 US 564, 577 [1972]; *Zahra v Town of Southold, supra*; *Gagliardi v Village of Pawling,* 18 F3d 188 [1994]; *Town of Orangetown v Magee, supra*), the test for determining the existence of a valid property interest. Therefore, the Supreme Court properly denied the defendants' motion as to the first through fourth, sixth through tenth, and twelfth causes of action.

Similarly, we reject the plaintiff's contention that the Bankruptcy Court's order and judgment have no preclusive effect as to his fifth and eleventh causes of action. The Supreme Court properly concluded that the plaintiff's fifth and eleventh causes of action should be dismissed under the doctrine of the law of the case (*see People v Evans,* 94 NY2d 499, 502-504 [2000]) and that the plaintiff was not entitled to de novo review of the Bankruptcy Court's order. In any event, the Bankruptcy Court properly found that the plaintiff did not have a legitimate claim of entitlement to site plan approval (*see Zahra v Town of Southold, supra*; *Gagliardi v Village of Pawling, supra*; *RRI Realty Corp. v Incorporated Vil. of Southampton,* 870 F2d 911, 918 [1989], *cert denied* 493 US 893 [1989]; *Yale Auto Parts, Inc. v Johnson,* 758 F2d 54, 59 [1985]).

However, as to the plaintiff's causes of action under the "special facts" doctrine (*Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772 [1976]; *see Matter of Home Depot U.S.A. v Village of Rockville Ctr.,* 295 AD2d 426, 428 [2002]; *Figgie Intl. v Town of Huntington,* 203 AD2d 416 [1994]; *Matter of Berman v War-*

*shavsky,* 256 AD2d 334, 335 [1998]), which involve the first, second, seventh, and eighth causes of action, the defendants' mootness argument is meritorious. Although this argument was not properly raised in the Supreme Court, we nevertheless reach it, since the issue is not based upon facts brought up for the first time on appeal, but rather, involves a question of law which appears on the face of the record (*see 34-35th Corp. v 1-10 Indus. Assoc.,* 2 AD3d 711 [2003]; *Weiner v MKVII-Westchester,* 292 AD2d 597, 598 [2002]; *Matter of Adam S.,* 285 AD2d 175, 177 [2001]). The site plans are specific to the plaintiff's desired use and plans to construct shopping centers on the properties. Transfer of ownership to third parties, who have not been joined in the action (*see* CPLR 1018), and whose plans and intended use of the properties are not known, renders the first, second, seventh, and eighth causes of action academic. Accordingly, those branches of the defendants' motion which were for summary judgment dismissing these causes of action should have been granted, since the issue of the site plans has been rendered academic.

The parties' remaining contentions are without merit. Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.