■ UNITED TITLE AGENCY, LLC, Appellant-Respondent, v SURFSIDE-3 MARINA, INC., et al., Respondents-Appellants. [885 NYS2d 334]—

In an action to recover a down payment for the purchase of a custom boat in the sum of $160,000, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated November 26, 2008, as amended December 11, 2008, as deemed the defendants' answer amended to provide for a counterclaim for actual damages in the maximum amount of $160,000, and the defendants cross-appeal, as limited by their brief, from so much of the same order as, in effect, granted that branch of the plaintiff's motion which was for summary judgment determining that the liquidated damages provision contained in the parties' contract was an unenforceable penalty as a matter of law and as, upon consent, set a cap on any award of actual damages at $160,000.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order, as amended, as deemed the defendants' answer amended to provide for a counterclaim for actual damages in the maximum amount of $160,000, is deemed a motion for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the cross appeal by the defendants from so much of the order, as amended, as was entered upon their consent is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the consent of the appealing party (*see Barry v Barry*, 60 AD3d 882 [2009]); and it is further,

Ordered that the order, as amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order, as amended, is reversed insofar as reviewed on the cross appeal, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was for summary judgment determining that the liquidated damages provision contained in the parties' contract was an unenforceable penalty as a matter of law is denied.

The plaintiff contracted with the defendants for the purchase of a custom boat at a price of $1,600,000. The plaintiff gave the defendants a down payment of $160,000. The purchase was not

completed, and when the defendants retained the down payment as liquidated damages, the plaintiff commenced this action to recover the down payment. The liquidated damages paragraph at issue provided, inter alia, for the retention of the down payment as liquidated damages in the event that the plaintiff failed to complete the purchase.

Contrary to the determination of the Supreme Court, the plaintiff failed to make a prima facie showing that the liquidated damages provision at issue was an unenforceable penalty. Whether a contractual provision represents an enforceable liquidated damages provision or an unenforceable penalty is a question of law. The party challenging a liquidated damages clause must establish either that actual damages were readily ascertainable at the time the contract was entered into or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses (*see Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115, 120 [2006]; *JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373, 384 [2005]; *Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 424 [1977]). The record is devoid of any evidentiary proof as to either of those factors. Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment determining that the liquidated damages provision contained in the parties' contract was an unenforceable penalty as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Lott, JJ., concur. [*See* 21 Misc 3d 1127(A), 2008 NY Slip Op 52248(U).]