■ MARKHAM GARDENS, L.P., as Assignee of Vista Developers Corporation, Appellant, v 511 9TH, LLC, et al., Respondents, et al., Defendant. [40 NYS3d 179]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered May 30, 2014, as denied its motion for summary judgment on the amended complaint insofar as asserted against the defendants 511 9th, LLC, 511 Property, LLC, and FSA NY Property, LLC, and for an award of an attorney's fee against those defendants, and granted that branch of the cross motion of those defendants which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants 511 9th, LLC, and 511 Property, LLC, and for an award of an attorney's fee against those defendants, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants 511 9th, LLC, 511 Property, LLC, and FSA NY Property, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants 511 9th, LLC, and 511 Property, LLC, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants 511 9th, LLC, and 511 Property, LLC, and one bill of costs to the defendant FSA NY Property, LLC, payable by the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of the attorney's fee to be awarded to the plaintiff.

In October 2006, Vista Developers Corporation (hereinafter Vista), as seller, and the defendant 511 9th, LLC (hereinafter 511 9th), as purchaser, entered into a purchase agreement pursuant to which Vista agreed to sell to 511 9th negotiable certificates issued pursuant to Real Property Tax Law § 421-a and Administrative Code of the City of New York § 11-245 for a purchase price of $1,426,000. Thereafter, Vista assigned its interest in the purchase agreement to the plaintiff, and 511 9th assigned its interest to the defendant 511 Property, LLC; however, 511 9th remained liable under the agreement. The purchase agreement contained a liquidated damages clause, which provided that in the event of a breach by the purchaser, the seller was entitled to receive the full purchase price, after

which the seller would be required to tender 40% of the purchased amount of negotiable certificates to the purchaser. The purchase agreement also provided that the prevailing party in a proceeding to enforce the provisions of the purchase agreement was entitled to seek from the non-prevailing party reasonable attorney's fees and disbursements, including court costs.

The plaintiff subsequently commenced this action, alleging that 511 9th and 511 Property, LLC (hereinafter together the 511 defendants), as well as the defendant FSA NY Property, LLC (hereinafter FSA, and collectively with the 511 defendants, the defendants), an affiliate of the 511 defendants, had breached the purchase agreement by failing to close. The plaintiff moved for summary judgment on the amended complaint insofar as asserted against the defendants, seeking an award of liquidated damages pursuant to the liquidated damages clause. The plaintiff indicated that it sought the full purchase price, and, upon receipt of payment, the plaintiff would be obligated to tender to the defendants, at its option, either 40% of the certificates or a credit in the amount of $644,000. The plaintiff also sought an award of an attorney's fee against the defendants. The defendants cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them.

In the order appealed from, the Supreme Court determined that although the 511 defendants' failure to close constituted a breach of the purchase agreement, the plaintiff could not recover under the liquidated damages clause because it had subsequently sold the certificates to a third party for a higher price than agreed upon in the purchase agreement. Further, the court determined that since the plaintiff did not obtain the award of damages it sought, it was not a prevailing party entitled to an attorney's fee under the purchase agreement. Therefore, the court denied the plaintiff's motion, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff appeals from those portions of the order, and we modify. .

The plaintiff established its prima facie entitlement to judgment as a matter of law on the amended complaint insofar as asserted against the 511 defendants by demonstrating that it was ready, willing, and able to close the transaction and that the 511 defendants failed to appear at the time and place set by the plaintiff for the closing (see *Engelhardt v McGinnis*, 2 AD3d 572, 573 [2003]; cf. *Central Irrigation Supply v Putnam*

*Country Club Assoc., LLC*, 27 AD3d 684, 685 [2006]). In opposition, the defendants failed to raise a triable issue of fact.

Contrary to the defendants' contention, they failed to establish that the liquidated damages clause constitutes an unenforceable penalty. "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]; *see United Tit. Agency, LLC v Surfside-3 Mar., Inc.*, 65 AD3d 1134, 1135 [2009]). "The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty" (*JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380 [2005]; *see Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115, 120 [2006]). Thus, the defendants, as the party challenging the liquidated damages clause, "must demonstrate either that damages flowing from a prospective [breach] were readily ascertainable at the time [the parties] entered into their [purchase] agreement, or that the [liquidated damages clause] is conspicuously disproportionate to these foreseeable losses" (*JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d at 380; *see United Tit. Agency, LLC v Surfside-3 Mar., Inc.*, 65 AD3d at 1135). The defendants failed to submit any evidence to establish either that actual damages were readily ascertainable at the time the purchase agreement was entered into, or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d at 385; *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d at 425-426; *Addressing Sys. & Prods., Inc. v Friedman*, 59 AD3d 359, 359 [2009]). Further, the fact that, approximately two years after the date of the breach, the plaintiff ultimately sold the certificates to a third party for a higher price than the amount set forth in the purchase agreement does not bar the plaintiff from recovering under the liquidated damages clause (*see Addressing Sys. & Prods., Inc. v Friedman*, 59 AD3d at 359-360; *see also White v Farrell*, 20 NY3d 487, 499 [2013]).

The defendants' remaining contention relating to summary judgment against the 511 defendants is without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the 511 defendants, and should have denied that branch of the defendants' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against the 511 defendants.

However, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against FSA, and properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against FSA. The defendants demonstrated, prima facie, inter alia, that FSA was not a party to the purchase agreement and, therefore, could not be held liable for liquidated damages as a result of a breach of that agreement (*see Meyer v Staten Is. Univ. Hosp.*, 117 AD3d 920, 921 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact.

Finally, with respect to that branch of the plaintiff's motion which sought an attorney's fee, "a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *see Great Neck Terrace Owners Corp. v McCabe*, 101 AD3d 944, 946 [2012]). Here, since the plaintiff demonstrated that it was entitled to recover liquidated damages as a result of the 511 defendants' breach of the purchase agreement, the plaintiff is also entitled to an award of a reasonable attorney's fee against those defendants pursuant to the terms of the purchase agreement (*see Great Neck Terrace Owners Corp. v McCabe*, 101 AD3d at 946). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the amount of the attorney's fee to be awarded to the plaintiff (*see Mona & Jack's Clothing, Inc. v Ola, Inc.*, 133 AD3d 642, 643-644 [2015]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.