■ 555 West John Street, LLC, Appellant, v Westbury Jeep Chrysler Dodge, Inc., Respondent. [49 NYS3d 903]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered May 9, 2014, as denied its cross motion for summary judgment dismissing so much of the complaint as was to enforce a liquidated damages clause, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's cross motion for summary judgment dismissing so much of the complaint as was to enforce a liquidated damages clause is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The cross appeal must be dismissed as abandoned (*see Utility Audit Group v Apple Mac & R Corp.*, 59 AD3d 709, 709 [2009]), as the brief submitted by the plaintiff does not request reversal of any portion of the order cross-appealed from.

In 2008, the parties entered into an agreement which allowed the defendant to store automobiles on a month-to-month basis on a portion of an undeveloped lot owned by the plaintiff. In late 2011, the plaintiff entered into a long-term lease with a third party in which the plaintiff agreed to improve and deliver that same portion of its lot to the third party. The plaintiff and the defendant amended their agreement to provide a different unimproved portion of the lot as a substitute location for the storage of the defendant's automobiles.

The amended agreement required the defendant to vacate the original portion of the lot by April 15, 2012, and called for liquidated damages in the amount of $5,000 per day for each day after the deadline that the defendant remained in possession of the original portion of the lot, in addition to any actual damages arising from the holdover. The defendant did not vacate the original portion of the lot until May 11, 2012, and as a result, the plaintiff delayed the start date of its lease with the third party by approximately two months.

In 2013, the plaintiff commenced this action against the defendant, alleging breach of contract and seeking to recover the sum of $130,000 in liquidated damages or, in the alternative, $57,415.33 in actual damages resulting from the delayed commencement of the lease with the third party. The defendant answered and counterclaimed, alleging that the plaintiff breached the amended agreement by failing to remove trees and level the substitute location to make it suitable for the storage of automobiles. The plaintiff moved for summary judgment on so much of the complaint as was to enforce the liquidated damages clause, and the defendant cross-moved for summary judgment dismissing that portion of the complaint. The Supreme Court denied the motion and the cross motion, explaining that consideration of the issue of liquidated damages was premature in light of unresolved issues of fact as to which party breached the amended agreement.

"[W]hether a clause 'represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances' " (*Jackson Hgts. Care Ctr., LLC v Bloch*, 39 AD3d 477, 479 [2007], quoting *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 379 [2005]). An enforceable liquidated damages clause is "an estimate . . . of the extent of the injury that would be sustained as a result of breach of the agreement," thereby embodying "the principle of just compensation for loss" (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 424 [1977]).

Here, the defendant demonstrated, prima facie, that the amended agreement imposed an unenforceable penalty, and the plaintiff failed to raise a triable issue of fact in opposition. The damages section of the amended agreement provided the plaintiff with a remedy for the whole extent of any injury that would be sustained as a result of a holdover, "in addition to" the sum of $5,000 per day in liquidated damages. The liquidated damages clause therefore is not "an estimate . . . of the extent of the injury that would be sustained" (*id.* at 424), but rather an unenforceable penalty (*see Lager Assoc. v City of New York*, 304 AD2d 718, 721-722 [2003]; *Quaker Oats Co. v Reilly*, 274 AD2d 565, 565-566 [2000]; *cf. 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 536-537 [2014]). Furthermore, the issue of whether the liquidated damages clause is enforceable is readily determinable as a matter of law, without consideration of the unresolved factual issues in this case. Consequently, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing so much of the complaint as was to enforce the liquidated damages clause.

The parties' remaining contentions need not be reached in light of our determination. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.