■ MARGARET COLACINO, Respondent, v ROBERT COLACINO, Appellant. [60 NYS3d 181]—

In an action for a money judgment in the sum of $377,147 for failing to comply with a judgment of divorce, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Richmond County (Patel, Ct. Atty. Ref.), dated October 14, 2015, which, after a hearing, denied his motion to vacate a money judgment of the same court entered July 23, 2012, which was in favor of the plaintiff and against him in the principal sum of $97,788, and for an award of attorneys' fees pursuant to Domestic Relations Law § 237 (b).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant pursuant to CPLR 3213, seeking a money judgment in the sum of $377,147, after the defendant allegedly failed to fulfill his obligations under the parties' judgment of divorce. Thereafter, the parties entered into a stipulation of settlement pursuant to which the plaintiff agreed to accept the lesser amount of $159,378.45, which the defendant agreed to pay by a series of checks over a period of time. The stipulation provided that "[i]n the event any one of the checks is dishonored by defendant's bank . . . defendant then agrees to the immediate entry of a money judgment against him." The default payment amount under the stipulation was to be calculated according to a formula. The defendant's bank dishonored one of the checks and, as a result, the plaintiff entered a money judgment against the defendant in the sum of $97,788. Thereafter, the defendant moved, inter alia, to vacate the money judgment, arguing,

among other things, that he was not in default of the stipulation and that, even if he were, he was excused under the doctrine of impossibility of performance. After a hearing, the Supreme Court denied the defendant's motion.

"As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility. A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (*Last Time Beverage Corp. V F & V Distrib. Co., LLC*, 98 AD3d 947, 950 [2012] [citations omitted]; *see Matter of Piller v Schwimmer*, 135 AD3d 766, 769 [2016]). Here, we discern no basis in the record to disturb the Special Referee's findings.

We reject the defendant's contention that the default payment required under the stipulation represents an unenforceable penalty rather than liquidated damages, which, although first raised on appeal, we reach as a question of law which appears on the face of the record (*see Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115, 120 [2006]; *Pinos v Clinton Cafe & Deli, Inc.*, 139 AD3d 1034, 1035 [2016]; *Noghrey v Town of Brookhaven*, 21 AD3d 1016, 1020 [2005]). Liquidated damages constitute the compensation the parties agree should be paid in the event of a party's default (*see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 536 [2014]; *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 423-424 [1977]). A liquidated damages clause is enforceable "if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Markham Gardens, L.P. v 511 9th, LLC*, 143 AD3d 949, 952 [2016]; *see also G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 41 [2012]). "[T]he agreement should be interpreted as of the date of its execution" (*Willner v Willner*, 145 AD2d 236, 240 [1989]; *see also J. R. Stevenson Corp. v County of Westchester*, 113 AD2d 918, 921 [1985]). Thus, "[t]he party challenging a liquidated damages clause must establish either that actual damages were readily ascertainable at the time the contract was entered into or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses" (*United Tit. Agency, LLC v Surfside-3 Mar., Inc.*, 65 AD3d 1134, 1135 [2009]; *see also JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380 [2005]).

Here, the defendant failed to submit any evidence demon-

strating that, at the time the parties executed the stipulation, the plaintiff knew or could have known which, if any, of the checks the defendant's bank would dishonor. Consequently, the defendant failed to establish that the plaintiff's actual damages in the event of a default were readily ascertainable at that time (*see JMD Holding Corp.*, 4 NY3d at 380; *United Tit. Agency, LLC*, 65 AD3d at 1135). Moreover, the money judgment was calculated in accordance with the parties' stipulation (*see JMD Holding Corp.*, 4 NY3d at 380). As such, the default payment was virtually identical to the plaintiff's original claim, and the defendant failed to establish that the plaintiff received an undeserved gain (*see id.*).

In light of our determination, it is unnecessary to reach the defendant's remaining contention that, in the event this Court reverses the order appealed from, the matter should be remitted for a determination of whether he is entitled to attorney's fees pursuant to Domestic Relations Law § 237 (b).

Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to vacate the money judgment. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.