Mathew v Slocum-Dickson Med. Group, PLLC (2018 NY Slip Op 03059)





Mathew v Slocum-Dickson Med. Group, PLLC


2018 NY Slip Op 03059


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1487 CA 17-00409

[*1]THOMAS MATHEW, M.D., AND MARK E. BLAKER, M.D., PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
SLOCUM-DICKSON MEDICAL GROUP, PLLC, DEFENDANT-RESPONDENT-APPELLANT. 






HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 



 Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 4, 2016. The judgment, among other things, declared that plaintiffs are obligated to pay liquidated damages to defendant and denied that part of the motion of defendant seeking attorney's fees. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting that part of defendant's motion seeking attorney's fees and costs from plaintiff Thomas Mathew, M.D. and as modified, the judgment is affirmed without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiffs are physicians practicing as specialists in the field of cardiology, and defendant is a large group medical practice that employs physicians practicing in multiple specialties and subspecialties. After plaintiffs unilaterally terminated their respective longstanding employment agreements with defendant, they commenced this action seeking, inter alia, judgment declaring that the noncompetition covenants in the employment agreements are invalid or otherwise unenforceable. In its answer, defendant, inter alia, asserted a counterclaim alleging breach of the employment agreements and seeking liquidated damages pursuant to a provision in each agreement. Following an evidentiary hearing regarding plaintiffs' request for injunctive relief, plaintiffs conceded that the covenants were enforceable with respect to duration and geographic restrictions, and they stated that, notwithstanding the covenants, they intended to work for defendant's competitor in the cardiology field, which was located well within the 25-mile radius set forth in the covenants. The parties stipulated that plaintiffs would post an undertaking in the amount of $712,000 as security for any liquidated damages that defendant may be awarded as a result of plaintiffs' breach of the covenants. Thereafter, plaintiffs amended their complaint to seek only a declaration that the liquidated damages clause in the agreements was unenforceable, and they sought damages in the form of compensation allegedly owed to them pursuant to the employment agreements. Defendant served an amended answer with counterclaims.
Defendant moved for partial summary judgment seeking a declaration that the liquidated damages clause in each agreement was enforceable, an order requiring that plaintiffs pay the full amount of the undertaking as liquidated damages, and an award of attorney's fees and costs against plaintiff Thomas Mathew, M.D. (Mathew) pursuant to his employment agreement. Supreme Court granted defendant's motion in part and declared that the liquidated damages clauses in the agreements are enforceable. The court denied those parts of the motion seeking payment of liquidated damages and seeking attorney's fees and costs pursuant to Mathew's employment agreement. Plaintiffs appeal and defendant cross-appeals, and we modify the judgment by granting that part of defendant's motion seeking attorney's fees and costs pursuant to Mathew's employment agreement.
We begin by observing that there is no dispute that in-house referral is an integral part of defendant's business model. There is also no dispute that neither plaintiff had any patients when he became employed by defendant, and that plaintiffs were treating approximately 12,000 of defendant's cardiology patients when they terminated their employment relationships with defendant in 2013. Plaintiff Mark E. Blaker, M.D. (Blaker) began employment with defendant in 1984, and his employment agreement provides, inter alia, that "[t]he Employer will be required to expend substantial time, energy and sums of money to establish a practice for the Employee, and to provide necessary secretarial and nursing assistance." The formula for liquidated damages set forth in the Blaker employment agreement provides that, upon a breach of the covenant, the "Employee agrees to forfeit 50 percent of his previous year's individual productivity or the sum of $50,000.00, whichever is greater."
Mathew began employment with defendant in 2001, and his employment agreement provides, inter alia, that "[t]he Employer has already expended, or in the future will expend, substantial time, good will, energy, and sums of money to establish a practice for the Employee, and to provide the assistance necessary to develop and sustain such practice." The formula for liquidated damages set forth in Mathew's employment agreement provides for "the amount of Fifty Thousand Dollars ($50,000.00) or fifty percent (50%) of the Employee's salary during the twelve (12) months immediately preceding [a] breach, whichever is greater."
Contrary to plaintiffs' contention on their appeal, we conclude that the court properly determined that defendant met its initial burden of establishing that the liquidated damages clauses are enforceable because they represent a " reasonable measure of the anticipated probable harm' " (BDO Seidman v Hirshberg, 93 NY2d 382, 396 [1999]), and plaintiffs failed to raise an issue of fact. We note that plaintiffs do not dispute that the potential damages flowing from a breach of the restrictive covenant were not readily ascertainable at the time the parties entered into the employment agreements (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]). Indeed, the fact that these types of damages are difficult to measure provides the foundation for a liquidated damages clause (see Martin L. Ryan, P.C. v Orris, 95 AD2d 879, 881 [3d Dept 1983]). We reject plaintiffs' contention that the liquidated damages clause is not a reasonable measure of the anticipated probable harm on the ground that there is no evidence of harm sustained by defendant's cardiology department. Plaintiffs fail to account for potential damages caused by the loss of intra-organizational referrals, the loss of good will caused by the departure of critical members of its professional staff, the investment made by defendant in the development of plaintiffs' practices and the cost associated with the recruitment of replacement physicians and the development of those new practices. During the evidentiary hearing on the issue of injunctive relief, Blaker admitted that there would be no reason to work for defendant if "you had to generate your own business," and that it is a "tough sell" to recruit a cardiologist to relocate to defendant's geographic location to practice. Moreover, plaintiffs' contention that they were solely responsible for the development of their own practices is belied by the record. Specifically, plaintiffs were defendant's employees, and thus all of their acts in the scope of such employment were required to be in furtherance and in the best interest of their employer's business (see generally Maritime Fish Prods. v World-Wide Fish Prods., 100 AD2d 81, 89 [1st Dept 1984], appeal dismissed 63 NY2d 675 [1984]).
We reject plaintiffs' further contention that the liquidated damages clauses are invalid because defendant failed to submit any evidence of specific revenue loss for defendant's cardiology department resulting from plaintiffs' breach of the employment agreements. "Once [defendant's] burden of proving the validity of the liquidated damages clause was met, it was not necessary for [defendant] to prove any actual damages" (Martin L. Ryan, P.C., 95 AD2d at 881).
We reject defendant's contention on its cross appeal that the court erred in denying that part of its motion seeking payment of the full amount of the undertaking as liquidated damages because the parties stipulated to that amount of liquidated damages. The record establishes that the parties stipulated only to the amount of an undertaking, and not to the actual amount of liquidated damages to be awarded under the terms of each agreement.
We agree with defendant, however, that the court erred in denying that part of its motion seeking summary judgment on its claim for attorney's fees and costs pursuant to Mathew's employment agreement. Contrary to plaintiffs' contention, the attorney fee clause of the [*2]employment agreement is not duplicative of the liquidated damages clause. One of the express purposes of the liquidated damages clause is "avoiding the costs, expenses, and uncertainties of litigation over the amount of actual damages that will be suffered by the Employer in the event of breach" [emphasis added]). Here, defendant seeks attorney's fees and costs incurred in enforcing the restrictive covenant and the liquidated damages clause, which is distinct from any attorney's fees and costs that would be incurred in litigation over the amount of actual damages. Inasmuch as defendant established that it is entitled to recover liquidated damages as a result of Mathew's breach of the restrictive covenant, defendant is also entitled to an award of reasonable attorney's fees and costs pursuant to the terms of Mathew's employment agreement (see generally Markham Gardens, L.P. v 511 9th, LLC, 143 AD3d 949, 953 [2d Dept 2016]). We therefore remit the matter to Supreme Court to determine, following a hearing if necessary, the amount of the attorney's fees and costs to be awarded to defendant pursuant to the employment agreement with Mathew.
We have considered plaintiffs' remaining contention and conclude that it is without merit.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court