Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of the Meadowlands Estates Condominium, Inc. (2023 NY Slip Op 02800)

Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of the Meadowlands Estates Condominium, Inc.

2023 NY Slip Op 02800

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-05181
2020-05182
2020-06559
2020-06560
 (Index No. 150707/17)

[*1]Pool Doctor Management Service, Inc., etc., respondent,
v
Board of Managers of the Meadowlands Estates Condominium, Inc., et al., appellants.

Michael J. Motelson, Staten Island, NY, for appellants.
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford and Joseph Dimitrov of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) a decision of the Supreme Court, Richmond County (Peter G. Geis, Ct. Atty. Ref.), dated May 19, 2020, (2) a judgment of the same court entered June 3, 2020, (3) a decision of the same court dated July 20, 2020, and (4) a judgment of the same court entered July 28, 2020. The judgment entered June 3, 2020, upon the decision dated May 19, 2020, made after a nonjury trial, is in favor of the plaintiff and against the defendants on the cause of action to recover damages for breach of contract in the principal sum of $36,240. The judgment entered July 28, 2020, upon the decision dated July 20, 2020, made after a nonjury trial, is in favor of the plaintiff and against the defendants on the cause of action to recover attorneys' fees in the principal sum of $10,000.
ORDERED that the appeals from the decisions are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment entered June 3, 2020, is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff the principal sum of $36,240, and substituting therefor a provision awarding the plaintiff the principal sum of $26,160; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment; and it is further,
ORDERED that the appeal from the judgment entered July 28, 2020, is dismissed as abandoned, without costs or disbursements.
In March 2013, the parties entered into an agreement pursuant to which the plaintiff agreed to operate and manage the defendants' swimming pool during the 2013, 2014, and 2015 summer pool seasons in exchange for the sum of $16,350 per season. The agreement contained a liquidated damages clause which provided that, in the event the defendants canceled the agreement [*2]prior to the time that the plaintiff "commence[d] work," the plaintiff would be entitled to receive 80% of the agreed-upon contract price per season. After the plaintiff provided some services for the 2013 summer pool season, but before the start of the 2014 summer pool season, the defendants canceled the parties' agreement. The plaintiff subsequently commenced this action, alleging that the defendants breached the agreement, and seeking, inter alia, an award of liquidated damages pursuant to the liquidated damages clause of the parties' agreement. In a decision dated May 19, 2020, made after a nonjury trial, the Supreme Court determined that the liquidated damages clause was enforceable and that the plaintiff was entitled to liquidated damages for the 2013, 2014, and 2015 summer pool seasons. On June 3, 2020, a judgment was entered upon the decision awarding the plaintiff the principal sum of $36,240, calculated as 80% of the contract price for each of the 2013, 2014, and 2015 summer pool seasons, less a credit in the sum of $3,000 for a payment made to the plaintiff by the defendants. In a decision dated July 20, 2020, the court determined, among other things, that the plaintiff was entitled to an award of attorneys' fees in the sum of $10,000. On July 28, 2020, a judgment was entered upon that decision awarding the plaintiff attorneys' fees in the principal sum of $10,000. The defendants appeal.
The defendants' appeal from the judgment entered July 28, 2020, must be dismissed as abandoned, as the defendants' brief does not request modification or reversal of any portion of that judgment (see Matter of Goldweber & Hershkowitz v Digsby, 32 AD3d 853, 854; Vasquez v Wood, 18 AD3d 645, 646-647; Kane v Triborough Bridge & Tunnel Auth., 8 AD3d 239, 242).
Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff was entitled to liquidated damages pursuant to the liquidated damages clause of the parties' agreement. "On an appeal from a judgment entered upon a nonjury determination, this Court's scope of review is as broad as that of the trial court" (Guzman v New York City Tr. Auth., 162 AD3d 749, 750). "Whether [an] early termination fee represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380). "A liquidated damages clause is enforceable 'if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation'" (Colacino v Colacino, 152 AD3d 486, 487, quoting Markham Gardens, L.P. v 511 9th, LLC, 143 AD3d 949, 952; see United Tit. Agency, LLC v Surfside-3 Mar., Inc., 65 AD3d 1134, 1135). "The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 380; see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 75; Marshall & Sterling, Inc. v Southard, 148 AD3d 1009, 1012). This burden is met with evidence establishing that "actual damages were readily ascertainable at the time the contract was entered into or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses" (United Tit. Agency, LLC v Surfside-3 Mar., Inc., 65 AD3d at 1135).
Here, the defendants, as the parties seeking to avoid the liquidated damages clause, failed to establish that the early termination fee was an unenforceable penalty. The defendants submitted no evidence at trial either that actual damages were readily ascertainable at the time the agreement was entered into, or that the liquidated damages were disproportionate to the plaintiff's probable losses (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 380; United Tit. Agency, LLC v Surfside-3 Mar., Inc., 65 AD3d at 1135).
However, the Supreme Court erred in its calculation of damages pursuant to the liquidated damages clause. The evidence submitted at trial demonstrated that the defendants canceled the parties' agreement in March 2014, which was before the start of the 2014 summer pool season, but after the plaintiff performed some work pursuant to the agreement for the 2013 summer pool season. Therefore, the court should not have awarded the plaintiff liquidated damages for the 2013 summer pool season. Accordingly, the judgment entered June 3, 2020, must be modified by reducing the principal sum awarded to the plaintiff from $36,240 to $26,160.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court