Schmuelian v Bichoupan (2024 NY Slip Op 01738)

Schmuelian v Bichoupan

2024 NY Slip Op 01738

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-07184
 (Index No. 613830/22)

[*1]Moshe Schmuelian, et al., plaintiffs third-party defendants-appellants, 
v
Robert Bichoupan, etc., defendant third-party plaintiff-respondent; Naidich Wurman, LLP, et al., third-party defendants-appellants.

Naidich Wurman, LLP, Great Neck, NY (Robert P. Johnson and Richard S. Naidich of counsel), third-party defendant-appellant pro se and for plaintiffs third-party defendants-appellants and third-party defendant-appellant.
Law Offices of Robert Bichoupan, P.C., Great Neck, NY (Carolyn Bichoupan of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs third-party defendants are entitled to the release of certain escrow funds, the plaintiffs third-party defendants and the third-party defendants appeal from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), dated June 15, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant third-party plaintiff which were for summary judgment dismissing the complaint and on his first and sixth counterclaims and the first and second causes of action of the third-party complaint and to direct the third-party defendant Kenneth H. Wurman, as escrow agent, to disburse to the defendant third-party plaintiff the funds held in a certain escrow account, and denied the cross-motion of the plaintiffs third-party defendants and the third-party defendants for summary judgment on the complaint and dismissing the counterclaims and the third-party complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant third-party plaintiff which were for summary judgment dismissing the complaint and on his first and sixth counterclaims and the first and second causes of action of the third-party complaint and to direct the third-party defendant Kenneth H. Wurman, as escrow agent, to disburse to the defendant third-party plaintiff the funds held in a certain escrow account, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs third-party defendants (hereinafter the sellers), as sellers, and the defendant third-party plaintiff (hereinafter the purchaser), as purchaser, entered into a contract for the sale of certain real property. Prior to the closing of the sale, a title report revealed the existence of three open building permits in relation to certain improvements to the property. At the closing, the sellers deposited $35,000 into an escrow account pursuant to an escrow agreement. That agreement provided, inter alia, that within a specified period of time, the sellers were to obtain proof that the three subject property improvements had been completed or proof of cancellation of the open permits.
The sellers timely obtained proof of the completion of one of the subject improvements to the property. It is undisputed that the sellers did not timely obtain the requisite proof in relation to the remaining two property improvements.
The purchaser demanded that the escrow funds be released to him. The sellers then commenced this action, inter alia, for a judgment declaring that they are entitled to the release of the escrow funds. The purchaser interposed an answer in which he asserted, among other things, counterclaims alleging breach of the escrow agreement and to direct the release of the escrowed funds to the purchaser. The purchaser also commenced a third-party action against the escrow agent, Kenneth H. Wurman, his law firm, Naidich Wurman, LLP, and the sellers (hereinafter collectively the appellants).
The purchaser moved, inter alia, for summary judgment dismissing the complaint and on his counterclaims and the third-party complaint and to direct Wurman, as escrow agent, to disburse to the purchaser the funds held in the escrow account. The appellants cross-moved for summary judgment on the complaint and dismissing the counterclaims and the third-party complaint. In an order dated June 15, 2023, the Supreme Court, among other things, granted those branches of the purchaser's motion which were for summary judgment dismissing the complaint and on his first and sixth counterclaims and the first and second causes of action of the third-party complaint and to direct Wurman, as escrow agent, to disburse to the purchaser the funds held in the escrow account, and denied the appellants' cross-motion. This appeal ensued.
The Supreme Court should have denied those branches of the purchaser's motion which were for summary judgment dismissing the complaint and on his first and sixth counterclaims and the first and second causes of action of the third-party complaint and to direct Wurman, as escrow agent, to disburse to the purchaser the funds held in the escrow account. Although the purchaser established, prima facie, that the sellers breached the escrow agreement by failing to complete all of the subject improvements within 120 days, failing to seek an extension of time to do so, and failing to object to the release of the escrowed funds to the purchaser, in opposition, the appellants raised a triable issue of fact as to whether the sellers' failure to timely complete the subject improvements was due to the purchaser's actions (see E. Tetz & Sons, Inc. v Polo Elec. Corp., 129 AD3d 1014, 1015).
Moreover, the record demonstrates that the purported liquidated damages clause contained in paragraph 4 of the escrow agreement constitutes an unenforceable penalty. "A liquidated damages clause is enforceable 'if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation'" (Colacino v Colacino, 152 AD3d 486, 487, quoting Markham Gardens, L.P. v 511 9th, LLC, 143 AD3d 949, 952; see Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of the Meadowlands Estates Condominium, Inc., 216 AD3d 1117, 1119-1120). "The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380; see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 75; Marshall & Sterling, Inc. v Southard, 148 AD3d 1009, 1012). This burden is met by submitting evidence establishing that "actual damages were readily ascertainable at the time the contract was entered into or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses" (United Tit. Agency, LLC v Surfside-3 Mar., Inc., 65 AD3d 1134, 1135). Whether a liquidated damages clause is an "enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 379). "If the clause is rejected as being a penalty, the recovery is limited to actual damages proven" (id. at 380 [internal quotation marks omitted]).
Here, the record demonstrates that the sum deposited into the escrow account had no relationship to the estimated cost of "closing out" the open building permits in relation to the subject improvements to the property. Furthermore, the record demonstrates that at the time that the escrow agreement was entered into, the estimated actual damages were readily ascertainable. Under these circumstances, the purported liquidated damages clause constituted an unenforceable penalty (see Atlantis Mgt. Group II LLC v Nabe, 216 AD3d 526, 526; Free People of PA LLC v Delshah 60 [*2]Ninth, LLC, 169 AD3d 622, 623; 555 W. John St., LLC v Westbury Jeep Chrysler Dodge, Inc., 149 AD3d 796, 797-798).
Since there are triable issues of fact as to whether the sellers breached the escrow agreement, and, if so, the amount of actual damages suffered by the purchaser as a result of any such breach, the Supreme Court should have denied those branches of the purchaser's motion which were for summary judgment dismissing the complaint and on his first and sixth counterclaims and the first and second causes of action of the third-party complaint and to direct Wurman, as escrow agent, to disburse to the purchaser the funds held in the escrow account. However, for those same reasons, the court properly denied the appellants' cross-motion for summary judgment on the complaint and dismissing the counterclaims and the third-party complaint.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court