Pti Imp, LLC v Software Sculptures Consulting, Inc.

2026 NY Slip Op 02858

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

PTI IMP, LLC, respondent,

v

Software Sculptures Consulting, Inc., etc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2021-00394, 2021-06422, 2021-06547, 2021-06548, (Index No. 608258/18)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Popick & Rutman (Raymond A. Giusto, P.C., Bay Shore, NY [Brooke Anthony], of counsel), for appellants.

Gerard J. McCreight, Babylon, NY, for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated January 11, 2021, (2) an order of the same court dated August 16, 2021, (3) a judgment of the same court dated August 17, 2021, and (4) a warrant of eviction of the same court dated August 17, 2021. The order dated January 11, 2021, insofar as appealed from, denied those branches of the defendants' motion which were for leave to amend their answer and for summary judgment dismissing so much of the complaint as sought specific performance of the liquidated damages clause of the subject agreement and granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint and, in effect, dismissing the defendants' counterclaims. The order dated August 16, 2021, insofar as appealed from, granted the plaintiff's motion, inter alia, in effect, to vacate a stay of enforcement of a prior order of the same court dated May 18, 2021, for the entry of a judgment in its favor on the complaint, and for the issuance of a warrant of eviction for certain premises and denied that branch of the defendants' motion which was for an extension of time to comply with certain conditions set forth in the order dated May 18, 2021. The judgment, upon the orders dated January 11, 2021, and May 18, 2021, is in favor of the plaintiff and against the defendants on the complaint. The warrant of eviction is in favor of the plaintiff for certain premises.

ORDERED that the appeals from the orders dated January 11, 2021, and August 16, 2021, are dismissed; and it is further,

ORDERED that the appeal from the warrant of eviction is dismissed (see CPLR 5701); and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

The appeal from the orders dated January 11, 2021, and August 16, 2021, must be [*2]dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).

In June 2012, the plaintiff entered into a purchase supply agreement (hereinafter the agreement) with the defendant Software Sculptures Consulting, Inc., doing business as Selective Sculptures (hereinafter Selective Sculptures), pursuant to which Selective Sculptures agreed to purchase tile products from the plaintiff and to meet minimum monthly purchase requirements over a 12-year period. The agreement provided, among other things, that in the event Selective Sculptures failed to meet the minimum monthly purchase requirements over any six-month period and to cure its shortfall in the manner required by the agreement, the agreement would terminate prior to the expiration of the 12-year period as a result of Selective Sculptures's breach. The agreement also contained a liquidated damages clause entitling the plaintiff to acquire certain real property located in Coram (hereinafter the property) held by the defendant Selective Coram, Inc. (hereinafter Selective Coram), an affiliate of Selective Sculptures, and to assume the responsibilities of a mortgage thereon in the event the agreement was terminated as a result of Selective Sculptures's failure to meet the minimum monthly purchase requirements. Selective Sculptures's obligations under the agreement and the enforcement of the liquidated damages clause were personally guaranteed by the defendants Joseph Agate and Michael Patti, the owners of Selective Sculptures and Selective Coram.

In April 2018, the plaintiff commenced this action against the defendants to recover damages for breach of contract and for specific performance of the liquidated damages clause of the agreement. The defendants interposed an answer asserting, inter alia, counterclaims to void the agreement as unconscionable and to recover damages for breach of contract. Thereafter, the defendants moved, among other things, for leave to amend their answer to assert an affirmative defense alleging that the liquidated damages clause was unenforceable and for summary judgment dismissing so much of the complaint as sought specific performance of the liquidated damages clause. The plaintiff opposed the defendants' motion, and cross-moved, inter alia, for summary judgment on the complaint and, in effect, dismissing the defendants' counterclaims. In an order dated January 11, 2021 (hereinafter the January 2021 order), the Supreme Court, among other things, denied those branches of the defendants' motion and granted those branches of the plaintiff's cross-motion.

Subsequently, in an order dated May 18, 2021 (hereinafter the May 2021 order), the Supreme Court, inter alia, granted a stay of enforcement of the January 2021 order upon certain conditions, including the defendants' payment of use and occupancy for the property. The plaintiff moved, among other things, in effect, to vacate the stay based on the defendants' failure to pay use and occupancy pursuant to the May 2021 order, for the entry of a judgment in its favor on the complaint, and for the issuance of a warrant of eviction. The defendants moved, inter alia, for an extension of time to comply with the conditions set forth in the May 2021 order. In an order dated August 16, 2021, the court, among other things, granted the plaintiff's motion and denied that branch of the defendants' motion. Thereafter, the court entered a judgment in favor of the plaintiff and against the defendants on the complaint. The defendants appeal.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought specific performance of the liquidated damages clause of the agreement. "'Whether [an] early termination fee represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances'" (Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of Meadowland Estates Condominium, Inc., 216 AD3d 1117, 1119; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 379). "An enforceable liquidated damages clause is 'an estimate . . . of the extent of the injury that would be sustained as a result of breach of the agreement,' thereby embodying 'the principle of just compensation for loss'" (555 West John Street, LLC v Westbury Jeep Chrysler Dodge, Inc., 149 AD3d 796, 797, quoting Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424). "'A liquidated damages clause is enforceable if the amount [*3]liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation'" (Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of Meadowland Estates Condominium, Inc., 216 AD3d at 1119, quoting Colacino v Colacino, 152 AD3d 486, 487 [internal quotation marks omitted]). "The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 379; see Trustees of Columbia Univ. in City of New York v D'Agostino Supermarkets, Inc., 36 NY3d 69, 75). Here, the defendants failed to establish, prima facie, that the liquidated damages clause of the agreement was an unenforceable penalty. The defendants submitted no evidence that actual damages were readily ascertainable at the time the agreement was entered into or that the plaintiff's acquisition of the property subject to the mortgage as a measure of damages was disproportionate to the plaintiff's probable losses under the agreement as a result of its termination (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 380; Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of the Meadowlands Estates Condominium, Inc., 216 AD3d at 1120; Colacino v Colacino, 152 AD3d at 488).

Moreover, the Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment on the complaint. The plaintiff established, prima facie, that Selective Sculptures breached the agreement by failing to meet minimum purchase requirements over a certain six-month period and to cure the shortfall in the manner required by the agreement (see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 937; Tuscan/Lehigh Dairies, Inc. v Beyer Farms, Inc., 136 AD3d 799, 803). The plaintiff further established, prima facie, that the liquidated damages clause was enforceable and that the plaintiff was, therefore, entitled to acquire the property subject to the mortgage as a result of Selective Sculptures's breach (see Pool Doctor Mgt. Serv., Inc. v Board of Mgrs. of the Meadowlands Estates Condominium, Inc., 216 AD3d at 1119; Ames Linen Service v Katz, 8 AD3d 945, 947). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Licata v Cuzzi, 161 AD3d 844, 845).

The defendants' remaining contentions are without merit.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court